### In re HARNETT.
#### No. 4749.

United States District Court
N. D. Texas, Dallas Division.
Aug. 11, 1952.

---

Turner, Atwood, White, McLane & Francis, Thomas R. Harnett, and, Harold L. Hitchins Jr., Dallas, Tex., of counsel, for applicant.

ATWELL, Chief Judge.

Mrs. Estelle Jensen Hightower, nee, Estelle Sens, sought naturalization through a former husband and parentage. The finding of the witnesses and the tracing of the history, both before and after two marriages, was a rather complicated and tedious effort. Finally the witnesses were found and the proof was satisfactory for the Naturalization Department, and she was naturalized at a recent term of the Dallas court.

The attorneys seek a fee under the provisions of subdivision (h) of section 742, title 8 U.S.C.A.

That particular provision is as follows:

"In all naturalization proceedings in which an alien applying for a certificate of naturalization or of citizenship is represented by counsel, there is hereby established a limit of $25 for counsel's fees, except where legal action before a court requires extended legal service when the court may approve a reasonable fee in excess of $25."

The services of the attorneys in this particular case extended from Dallas, in Texas, to New York but the attorney's expenses were paid by the seeker of naturalization. Mrs. Hightower also joins in the application of the attorneys for a fee of $1,025. She states that she is not a poor person, but is able to pay such a fee, and that before the attorneys entered into her service in this particular matter they told her what the charges would be per day.

This statute is not included in the new naturalization statute which was passed over the President's veto on June 27, 1952. That particular act did not become effective until 180 days after its final passage, which would make it about January 1, 1953. So that the act, with the provision above quoted, is the provision that rules this particular matter.

I find that the attorneys rendered extended legal service in this matter, and, while I cannot approve a fee of $1,025, I do think that a reasonable fee is $500, and a judgment may so announce.